UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIAN HATHORNE and JOSEPH HOLLAND** | CIVIL ACTION NO. |
| **VERSUS** | SECTION |
| | DISTRICT JUDGE |
| **AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY** | MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

Plaintiffs, MARIAN HATHORNE and JOSEPH HOLLAND (hereinafter at times referred to as "HATHORNE AND HOLLAND"), through undersigned counsel, respectfully submit this Complaint for Damages against Defendant, AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter at times referred to as "AMERICAN MODERN"), and make the following allegations of law and fact:

### PARTIES

1.

Plaintiff, MARIAN HATHORNE, is a person of the full age of majority, resident of and domiciled in the State of Louisiana.

2.

Plaintiff, JOSEPH HOLLAND, is a person of the full age of majority, resident of and domiciled in the State of Louisiana.

3.

Made Defendant herein is AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, that, upon information and belief, is a foreign corporation duly organized, incorporated, and existing under the laws of the State of Ohio, with its principal place of business in Amelia, Ohio.  AMERICAN MODERN is authorized to do and doing business in the State of Louisiana as a foreign insurer.  AMERICAN MODERN may be served through its registered agent for service in the State of Louisiana:  Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**JURISDICTION AND VENUE**

4.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because HATHORNE AND HOLLAND, and AMERICAN MODERN are citizens of different states.  HATHORNE is a citizen of and domiciled in the State of Louisiana.  HOLLAND is a citizen of and domiciled in the State of Louisiana.  AMERICAN MODERN is a citizen of the State of Ohio as an Ohio corporation with its principal place of business in Amelia, Ohio.  Moreover, the amount in controversy exceeds $75,000.00.

5.

This Court has personal jurisdiction over AMERICAN MODERN because AMERICAN MODERN maintains minimum contacts in the State of Louisiana and the causes of action at issue arise out of AMERICAN MODERN's contacts in the State of Louisiana.  Moreover, AMERICAN MODERN is licensed to do and doing business in the State of Louisiana.

6.

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this district and within the jurisdiction of this Court.

**FACTS**

7.

AMERICAN MODERN insured HATHORNE AND HOLLAND's property located at 710 Avenue B, Bogalusa, Louisiana 70427, hereinafter referred to as **The Property**.

8.

The insurance contract between MARIAN HATHORNE AND JOSEPH HOLLAND and AMERICAN MODERN is contained in Policy Number 101-260-591, hereinafter referred to as **The Policy**.

9.

MARIAN HATHORNE's first name is misspelled as "Marion" in **The Policy**.

10.

HATHORNE AND HOLLAND timely paid all premiums required for **The Policy** to be in full force and effect on the day of the loss in question.

11.

**The Policy** was in full force and effect on August 29, 2021.

12.

**The Policy** required AMERICAN MODERN to pay HATHORNE AND HOLLAND the cost of all wind damage caused to **The Property** by Hurricane Ida.

13.

Hurricane Ida and its aftermath caused damage to **The Property**.

14.

Unfortunately, the bad faith handling of their claim has caused HATHORNE AND HOLLAND to file this lawsuit to force AMERICAN MODERN to abide by **The Policy** and Louisiana law.

15.

In August 2021, Hurricane Ida entered the Gulf of Mexico and began to intensify. By landfall on August 29, 2021, Hurricane Ida was designated a Category 4 hurricane after completing a process known as "rapid intensification".

16.

Hurricane Ida was a deadly and destructive Category 4 Atlantic hurricane that became the second-most damaging and intense hurricane on record to make landfall in the State of Louisiana.

17.

Hurricane Ida made landfall with sustained winds of 150 mph, gusts up to 172 mph, and a minimum central pressure of 929 millibars.

18.

Widely known publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center, describe the expected damage from a Category 4 Hurricane.

19.

AMERICAN MODERN knew well before landfall exactly what type of damage to expect from a storm of this severity:

Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale*.

20.

Unfortunately, Hurricane Ida experienced little to no weakening prior to landfall making it the strongest hurricane to affect Southeast Louisiana in recorded history.

21.

Wind damage in the storm's path was catastrophic.

22.

The available data confirmed Hurricane Ida was a catastrophic storm.

23.

AMERICAN MODERN was very aware before the storm made landfall that the aftermath of a storm like Hurricane Ida is often devastating.

24.

Hurricane Ida caused significant damage to **The Property**, including its structure and contents.

25.

AMERICAN MODERN was timely notified of the loss.

26.

AMERICAN MODERN performed an outcome-oriented investigation of HATHORNE AND HOLLAND's claim, which resulted in a biased, unfair, and inequitable evaluation of HATHORNE AND HOLLAND's losses on **The Property**.

27.

The adjuster assigned to the claim conducted a substandard investigation and inspection of **The Property**, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

28.

HATHORNE AND HOLLAND retained independent professionals to determine the scope and cost of damages caused by Hurricane Ida.

29.

HATHORNE AND HOLLAND submitted proofs of loss totaling $89,544.10.

30.

The proofs of loss submitted by HATHORNE AND HOLLAND constituted satisfactory proof of loss sufficient to provide AMERICAN MODERN with actual knowledge of the scope and extent of the damage to **The Property.**

31.

To date, AMERICAN MODERN has only paid $3,951.09.

32.

**The Property** suffered damage due to high winds. Much of the damage is/was visible from a simple visual inspection.

33.

Additionally, the professional contractors, adjusters, and/or engineers retained by HATHORNE AND HOLLAND determined that the following general and specific areas of **The Property** require repair and/or replacement due to wind damage (this is not represented as an exhaustive and all-inclusive list):

    a. Roof;

    b. Patio cover;

    c. Windows; and

    d. Exterior door.

34.

AMERICAN MODERN arbitrarily and capriciously denied and/or underpaid HATHORNE AND HOLLAND's claim.

35.

AMERICAN MODERN has violated Louisiana law, specifically, LSA-R.S. 22:1892 and LSA-R.S. 22:1973 in the following ways:

    a. Failed to initiate loss adjustment in a timely and meaningful manner after receiving notice of loss;

    b. Failed to make a written offer to settle within 30 days of receiving satisfactory proof of loss;

    c. Failed to make payment within 30 days of receiving satisfactory proof of loss;

    d. Failed to make payment within 60 days of receiving satisfactory proof of loss; and

    e. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

36.

As a result of AMERICAN MODERN's breach and violation of LSA-R.S. 22:1892 and LSA-R.S. 22:1973, AMERICAN MODERN is liable unto HATHORNE AND HOLLAND for:

    a. Breach of contract;

b. All past, present, and future special (economic) damages suffered by HATHORNE AND HOLLAND as a result of AMERICAN MODERN's breach;

c. All past, present, and future general (non-economic) damages suffered by HATHORNE AND HOLLAND as a result of AMERICAN MODERN's breach, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, mental anguish, frustration, pain, disruption of life, and inconvenience;

d. A penalty of up to two-times the special and general damages suffered by HATHORNE AND HOLLAND as a result of the breach;

e. A penalty of 50% of the amount found to be due at the time of the breach;

f. Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the property damage and/or Plaintiff(s)' claim, misrepresentation of the terms of the policies, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims and/or underpayment of relevant claims, failure to pay timely for covered damages known to the Defendant or damages the Defendant should have known existed at the time of the original adjustment or inspection etc., leading to various general and or special damages;

g. All cost of repairs and/or replacement of damages to **The Property** due to wind;

h. Cost of diminution of the value of the property;

i. Court costs;

j. Additional cost incurred as the result of AMERICAN MODERN's bad faith conduct;

k. Prejudgment interest at the highest lawful rate from the date of judgment until payment;

l. Legal interest;

m. Attorney fees;

n. Penalties;

o. Costs; and

p. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

37.

Plaintiffs, MARIAN HATHORNE and JOSEPH HOLLAND, request a Trial by Jury.

WHEREFORE, the premises considered, Plaintiffs, MARIAN HATHORNE and JOSEPH HOLLAND, pray that:

I. Defendant, AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, be served with a copy of this Complaint for Damages and be duly cited to appear and answer same;

II. After due proceedings had, there be judgment herein in favor of Plaintiffs, MARIAN HATHORNE and JOSEPH HOLLAND, and against the Defendant, AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings; together with penalties and attorneys' fees as provided by law; and

III. Plaintiffs, MARIAN HATHORNE and JOSEPH HOLLAND, be granted all further and different relief as the facts, law, and equity of this case require.

>Respectfully submitted by:
>**DALY & BLACK, P.C.**
>*Attorney for Plaintiff*
>
>*/s/ Aaron J. Hurd*
>**AARON J. HURD**
>**SBN: 34601**
>**DALY & BLACK, P.C.**
>**2211 Norfolk St. | Suite 800**
>**Houston, TX 77098**
>**Ph: 713.655.1405**
>**Fax: 713.655.1587**
>**Ahurd@dalyblack.com**
>**www.dalyblack.com**

**PLEASE SERVE:**

AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY
*Through Its Registered Agent for Service:*
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809